IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARION BAYNARD, | § | |
| | § | No. 567, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 0802006217 (N) |
| Plaintiff Below, | § | 1710004763 (N) |
| Appellee. | § | |

Submitted: February 18, 2020
Decided: April 3, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Arion Baynard, filed this appeal from the Superior Court's denial of his motion for sentence modification under Superior Court Criminal Rule 35(b).  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Baynard's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In June 2018, Baynard pled guilty to second-degree burglary and strangulation in Criminal ID No. 171004763.  As part of the plea agreement, Baynard also agreed to resolve his violation of probation in Criminal ID No.

0802006217.  In November 2018, the Superior Court sentenced Baynard to a total of fifteen years and six months of non-suspended Level V time.

(3)     Baynard did not appeal the Superior Court's judgment, but did file a motion for sentence reduction/modification in Criminal ID No. 0802006217 and Criminal ID No. 171004763.  He argued that the sentences were illegal and sought reduction of his sentences to forty months of Level V incarceration with treatment for anger and domestic issues, followed by mental health aftercare.  The Superior Court denied the motion, finding that the sentences were not illegal.

(4)     In September 2019, Baynard filed another motion for sentence modification in Criminal ID No. 0802006217 and Criminal ID No. 171004763.  He sought reduction of his Level V sentence so he could enroll in the Delancey Street Program.  The Superior Court denied the motion, finding it repetitive and Baynard's sentence appropriate for all of the reasons stated at sentencing.  This appeal followed.

(5)     In his opening brief, Baynard argues that the Superior Court ignored his desire to rehabilitate himself in denying his motion for sentence modification.  He also states that he takes responsibility for his actions, misses his children, and has participated in multiple prison programs.

(6)     We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1]

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

Under Rule 35(b), a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[2]  The Superior Court "will not consider repetitive requests for reduction of sentence."[3]

(7)    The Superior Court did not err in denying Baynard's motion for sentence modification.  Baynard's repetitive motion was filed more than ninety days after the imposition of his sentence.  His completion of prison programs and desire to participate in the Delancey Street Program are laudable, but do not constitute "extraordinary circumstances" under Rule 35(b).[4]  Nor is there any indication that the Department of Correction filed an application under § 4217.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[2] Under this statute, the Department of Correction may apply for sentence reduction for good cause shown, which can include rehabilitation of the offender.

[3] Super. Ct. Crim. R. 35(b).

[4] *See, e.g., Culp*, 152 A.3d at 146 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

3